**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALEXANDRO MURILLO, | Civil Action |
| Plaintiff, | No. 2:25-cv-00349 |
| v. | |
| TECHNOLOGY PRO, LLC, | |
| Defendant. | JURY TRIAL DEMANDED |

**<u>CIVIL COMPLAINT</u>**

Plaintiff Alexandro Murillo, by undersigned counsel, files this Civil Complaint and in support alleges the following:

**I.  Jurisdiction**

1.      The Jurisdiction of this Court is invoked pursuant to Section 1 of the Civil Rights Act of 1866, 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, U.S.C. §2000e-5(f)(3), as amended by the Civil Rights Act of 1991 and 28 U.S.C §§1343(a)(3) and (a)(4) and 1331 and this Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

2.      Plaintiff has satisfied all procedural and administrative prerequisites to suit under Title VII, in that:

    a.    He filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging race discrimination on March 5, 2024 and cross filed with the Pennsylvania Human Relations Commission;

    b.    Plaintiff received a Notice of Right to Sue from the EEOC dated February 27, 2025; and

    c.    This action was filed with this Court within 90 days of receipt of that Notice.

    d.    More than one year has lapsed since the date Plaintiff filed his PHRC complaint.

3. Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended an the Pennsylvania Human Relations Act.

## II. The Parties

4. Plaintiff Alexandro Murillo ("Plaintiff") is a Hispanic male who resides 269 North Balph, Allegheny County, Pittsburgh, Pennsylvania 15202.

5. Defendant Technology Pro, LLC ("Defendant") is a corporation with its principal place of business at 333 Technology Drive, Suite 205, Washington County, Canonsburg, Pennsylvania 15317. At all times relevant Defendant was Murillo's employer.

## III. Factual Background

6. Murillo is a 34 year old Hispanic male who worked for Defendant since November 30, 2023 as a sales representative.

7. Murillo is one of only two Hispanic employees who work for Defendant.

8. During his employment, Defendant's owner Maurice Pisciottano, referred to Murillo as "Julio" and even sent him a text message addressing him as "Julio".

9. Pisciottano would make comments to the other Hispanic employee in the office using a low rider chair because he was Mexican.

10. Pisciottano would also made ethnic comments to Murillo when the office ordered tacos for lunch.

11. Murillo did not report the comments to his manager because he was afraid his manager would immediately tell the owner.

12. Defendant does not have a Human Resources department.

13. On January 24, 2024, Pisciottano terminated Murillo's employment saying it wasn't working out and that he wasn't a good fit.

14. However, Murillo had not been given any warning that his performance was not acceptable.

15. Murillo only received one verbal reprimand when during a call he mentioned a company that was handling something for the client and he directed the client to follow up with that company.

16. Murillo was reprimanded for mentioning the company because they had sued Defendant in the past which he was unaware of at the time of the call.

**Count I**
**42 U.S.C. §1981**
**Race Discrimination**

17. Plaintiff incorporates by reference the allegations in Paragraph 1 to 16.

18. Defendant fired Murillo because of his race.

19. Defendant's actions in firing Murillo because of his race, deprived Murillo of the same right to make and enforce contracts as is enjoyed by White citizens in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981.

20. Defendant's discharge of Murillo was undertaken with reckless indifference to Plaintiff's federally protected right to make and enforce contracts irrespective of their race and/or their opposition to race discrimination.

21. As a result of Defendant's discriminatory and retaliatory treatment, Murillo was fired his job on January 24, 2024 and has suffered and continues to suffer damages, including but not limited to lost wages and benefits, anxiety, loss of reputation, lost career opportunities, emotional distress, humiliation, and inconvenience.

WHEREFORE, Plaintiff demands judgment against Defendant pursuant to 42 U.S.C. §1981 as follows:

3

a.   That Defendant be permanently enjoined from discriminating against Murillo or retaliating against Murillo because of his race or because he opposed race discrimination;

b.   That defendant be ordered to employ and Murillo to the position occupied on May 5, 2021, together with all benefits incident thereto, including but not limited to wages, benefits, training, and seniority;

c.   That Defendant be required to compensate Murillo for the full value of wages and benefits each would have received had it not been for Defendant's illegal treatment, with interest thereon until the date Murillo is offered re- employment into a position substantially equivalent to the one Murillo occupied on May 5, 2021;

d.   That Murillo be awarded compensatory and punitive damages in an amount to be determined at trial;

e.   That Murillo be awarded against Defendant the costs and expenses of this litigation, and a reasonable attorney's fee; and

f.   That Murillo be awarded such further relief as this Court deems to be just and proper.

**Count II**
**Title VII, Race Discrimination**

22.   Plaintiff incorporates by reference the allegations in paragraphs 1 through 21, as if fully set forth herein.

23.   Defendant discharged and otherwise discriminated against Plaintiff because of his race in violation of Title VII, of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981A.

24.   Defendant's actions in discharging Murillo because of his race was undertaken intentionally and with reckless indifference to Plaintiff's federally protected right to be free from discrimination in employment decisions because of his race.

25.   As a result of Defendant's race discrimination against Plaintiff, Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages and benefits,

4

anxiety, loss of reputation, lost career opportunities, emotional distress, humiliation and inconvenience.

WHEREFORE, Plaintiff demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981A against Defendant as follows:

a. That Defendant be permanently enjoined from discriminating against Plaintiff on any basis forbidden by Title VII;

b. That be ordered to employ and Murillo to the position occupied on January 24, 2024, together with all benefits incident thereto, including but not limited to wages, benefits, training and seniority

c. That Defendant be required to compensate Murillo for the full value of wages and benefits each would have received had it not been for Defendant's illegal treatment, with interest thereon until the date Murillo is offered re- employment into a position substantially equivalent to the one Murillo occupied on January 24, 2024;

d. That Plaintiff be awarded compensatory and damages in an amount to be determined at trial;

e. That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney fee; and

f. That Plaintiff be awarded such further relief as this Court deems to be just and proper.

**Count III**
**Title VII, National Origin**

26. Plaintiff incorporates by reference the allegations in paragraphs 1 through 25, as if fully set forth herein.

27. Defendant discharged and otherwise discriminated against Plaintiff because of his national origin in violation of Title VII, of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a), as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981A.

5

28. Defendant's actions in discharging Murillo because of his national origin was undertaken intentionally and with reckless indifference to Plaintiff's federally protected right to be free from discrimination in employment decisions because of his national origin.

29. As a result of Defendant's national origin discrimination against Plaintiff, Plaintiff has suffered and continues to suffer damages, including but not limited to lost wages and benefits, anxiety, loss of reputation, lost career opportunities, emotional distress, humiliation and inconvenience.

WHEREFORE, Plaintiff demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981A against Defendant as follows:

a. That Defendant be permanently enjoined from discriminating against Plaintiff on any basis forbidden by Title VII;

b. That Defendant be ordered to employ Murillo to the position occupied on January 24, 2024, together with all benefits incident thereto, including but not limited to wages, benefits, training and seniority;

c. That Defendant be required to compensate Murillo for the full value of wages and benefits each would have received had it not been for Defendant's illegal treatment, with interest thereon until the date Murillo is offered re- employment into a position substantially equivalent to the one Murillo occupied on January 24, 2024;

d. That Plaintiff be awarded compensatory and damages in an amount to be determined at trial;

e. That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney fee; and

f. That Plaintiff be awarded such further relief as this Court deems to be just and proper.

6

**Count IV**
**PHRA**

30.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 29 as if fully restated herein.

31.     Defendant's firing of Murillo violated the PHRA, 43 Pa. Conns. Stat.Ann. §955(a) et seq.

32.     As a direct result of Defendant's violation of the PHRA, Murillo has lost wages and other economic benefits of his employment with Defendant, in addition to emotional distress, anxiety, humiliation and inconvenience.

WHEREFORE, Plaintiff requests the following:

a.     That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Pennsylvania Human Relations Act;

b     That Defendant be ordered to instate Plaintiff and provide him accumulated seniority, fringe benefits and all other rights;

c.     That Defendant be required to compensate Plaintiff for the full value of wages he would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discrimination, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

d.     That the Court award Plaintiff compensatory damages as a result of Defendant's violations of the Pennsylvania Human Relations Act;

e.     That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the Pennsylvania Human Relations Act;

f.

That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

g.     That the Court grant Murillo additional relief as may be just and proper.

7

Respectfully submitted,

**Quatrini Law Group**

/s/ John E. Black, III
John E. Black, III
PA I.D. No. 83727
941 Penn Avenue, Suite 101
Pittsburgh, PA 15222
Telephone: (724) 217-8272
Facsimile: (724) 837-1348
jeb@qrlegal.com

Attorney for Plaintiff

8